IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL CHARLES BRADDICK, | § |
| Movant, | § |
| V. | § NO. 3:22-CV-1507-N-BK |
| | § (NO. 3:19-CR-403-N) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Charles Braddick[1] under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects as follows:

On August 2, 2019, Movant was named in a ten-count indictment charging him in count one with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, in counts two through six with payment of illegal remuneration and aiding and abetting payment of illegal remuneration, in violation of 42 U.S.C. § 1320a-7(b)(2) and 18 U.S.C. § 2, and in counts seven through ten with identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028(a)(7) and 2. CR ECF No.[2] 1. On September 18, 2019, Robert M. Burns entered his appearance as retained

---

[1] Movant's codefendant Kyle Martin Hermesch has filed a motion under Section 2255 that has been assigned Case No. 3:22-CV-1786-N-BK. That the motions are virtually identical makes each of them less credible. But, even taking the allegations as true, for the reasons discussed herein, Movant has not shown that he is entitled to any relief.

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-403-N.

counsel for Movant. CR ECF No. 11. Movant initially entered a plea of not guilty. CR ECF No. 14. He later signed a factual resume, CR ECF No. 29, and plea agreement. CR ECF No. 30. The factual resume set forth the essential elements of the offense charged in count one of the indictment and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 29. The plea agreement reflected that: Movant would plead guilty to count one of the indictment and the government would not pursue other charges; the plea was voluntarily and freely made and was not the result of force or threats or of promises from anyone; Movant waived his right to appeal or seek habeas relief except in certain limited circumstances; and, Movant had thoroughly reviewed the legal and factual aspects of the case with Burns and was satisfied with Burns's representation. CR ECF No. 30. On June 16, 2020, Movant appeared for rearraignment. CR ECF No. 98. He testified under oath that: he understood that a guilty plea must not be induced or prompted in any way by promises, threats, force, or coercion, and that it must be purely voluntary and entered only because he was guilty and for no other reason; he had read the indictment and discussed it with Burns; he understood the essential elements of count one and he had committed each of them; he was "absolutely" satisfied with the representation and advice received from Burns; he had read and discussed the plea agreement with Burns before signing it; he understood that he was waiving his right to appeal and otherwise challenge his sentence and conviction except in very limited circumstances; no one made any promise or assurance or asserted force of any kind to induce him to plead guilty; he read and discussed the factual resume with Burns before signing it; he understood everything in the factual resume and the stipulated facts were true. *Id.*

      The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR ECF No. 46, ¶ 63. He received a four-level increase for

his role as organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 66. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 70, 71. Based on a total offense level of 31 and a criminal history category of I, Movant's guideline range was 108 to 135 months. The statutorily authorized maximum sentence was ten years; thus, the guideline range became 108 to 120 months. *Id.* ¶ 116. Movant filed objections, CR ECF No. 55, and the probation officer prepared an addendum to the PSR. CR ECF No. 56. Sentencing was continued on Movant's motion so that he could continue to cooperate with the Government. CR ECF No. 70.

Movant was sentenced to a term of imprisonment of 87 months. CR ECF No. 77. As Burns noted at sentencing, Movant initially ran his company, Bioflex Medical, as an honest business, but evolved into scamming the government. CR ECF No. 96 at 2–3. Movant himself admitted that he "didn't want to be a thief, but here I am a thief." *Id.* at 5. The Court granted a variance based on the Government's agreement to recommend a sentence of 70 to 87 months. *Id.* at 6–7. Movant did not appeal.

## II.     GROUNDS OF THE MOTION

Movant urges two grounds in support of his motion. First, he claims that he received ineffective assistance of counsel. Second, he alleges that his guilty plea was not voluntarily made. ECF No.[3] 2 at 7.

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

As supporting facts for his motion, Movant includes laundry lists of the supposed failings of Burns. ECF No. 3. To the extent he complains of Burns's alleged failure to provide agreed-upon legal services, this is not the proper forum to pursue a breach of contract claim. To the extent Movant complains of pre-plea conduct not bearing on the voluntariness of his plea, his claims are waived. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). The majority are conclusory in any event and insufficient to meet the *Strickland* standard. *Miller*, 200 F.3d at 282. Moreover, Movant has not shown that any of the alleged deficiencies prejudiced him. Mere speculation and conjecture do not suffice. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

5

As the Government notes, Movant's complaints seem to fall into the categories of failure to investigate, failure to call witness, and failure to adequately prepare for trial. Movant has not shown that any of these types of claims has merit.

One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). In other words, he must show a reasonable probability that the result would have been different, that is, a probability sufficient to undermine confidence in the outcome. *Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014). The probability must be substantial, not just conceivable. *Id.* A decision not to investigate a particular matter is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. Movant has not made that showing here.

Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, a movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010); *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Movant has entirely failed to meet his burden.

As for the final category, Movant fails to explain how performing any of the tasks he lists

would have made the slightest difference in his case. It appears to the Court that the bulk of them would have been a waste of time. Movant admitted that he was a thief. Clearly, his best and perhaps only strategy was to cooperate as he did and obtain the lowest possible sentence. Movant has not overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Newbury*, 756 F.3d at 872–73.

Movant's second ground, that his plea was not voluntary, is utterly belied by the record, which reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof.[4] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The plea agreement Movant signed, including the representation that the plea is voluntary, is accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, Movant testified under oath that his plea was not coerced and that he was "absolutely" satisfied with counsel. CR ECF No. 50. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Burns's stern warnings about the likelihood of success at trial, even if true, do not compromise the voluntariness of Movant's plea. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has

---

[4] As the Government notes, this ground is barred because it was not raised on appeal and Movant has made no attempt to show cause and prejudice. ECF No. 8 at 17.

not cited to any contemporaneous evidence to support his position, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

In his reply, Movant appears to argue that the Court lacked jurisdiction to try him because the Court failed to appoint counsel for codefendant Bioflex Medical, Inc. ECF No. 9. The Court does not consider new grounds raised in a reply. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Further, the ground was not raised on appeal and may not be raised here. *Davis*, 417 U.S. at 345; *Shaid*, 937 F.2d at 231–32. In any event, the argument is frivolous. Although corporations enjoy the same Sixth Amendment rights as other defendants, a corporation is not entitled to appointed counsel even if it cannot afford to retain counsel. *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993); *United States v. JB Tax Prof. Servs., Inc.*, No. 13-127, 2013 WL 6004047, at *1 (E.D. La. Nov. 13, 2013). The claims against Bioflex Medical, Inc. were dismissed without its ever having made an appearance in the case. CR ECF No. 88; CR ECF No. 89. Movant was the owner and president of the corporation and presumably could have taken whatever action he deemed appropriate on its behalf.

V. **CONCLUSION**

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 11th **day** of **March, 2024**.

_____
David C. Godbey
Chief United States District Judge

9